1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE O. ARTEAGA,                                No.  2:17-cv-0528 KJN P

12                         Plaintiff,

13          v.                                         ORDER

14    D. BAUGHMAN, et al.,

15                         Defendants.

16

17    I.  Introduction

18          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19    § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22    Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          As set forth below, the court orders the supervising Deputy Attorney to respond to

5   plaintiff's motion for injunctive relief, and finds the complaint states a potentially cognizable

6   Eighth Amendment claim for relief.

7   Screening Requirement

8          The Court is required to screen complaints brought by prisoners seeking relief against a

9   governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

10  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

11  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

12  that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

13  § 1915A(b)(1), (2).

14         A complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

16  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

18  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While factual allegations are accepted as

19  true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

20         Under section 1983, Plaintiff must demonstrate that each defendant personally

21  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.

23  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

24  Supervisory government officials may not be held liable for the unconstitutional conduct of their

25  subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.

26  Plaintiff's Allegations

27         Plaintiff suffers from a seizure disorder and for about 13 years has been prescribed

28  Gabapentin, 1200 mg three times daily, to help prevent and control seizures.  Gabapentin is

2

prescribed in conjunction with Dilantin for more effective results; plaintiff avers that Dilantin alone does not work for plaintiff's seizures. Plaintiff declares that Gabapentin has been prescribed, renewed, and not discontinued by over 14 different doctors. (ECF No. 1 at 13-19.)

On January 20, 2017, plaintiff's Gabapentin was erroneously discontinued without notice, causing plaintiff to suffer uncontrolled seizures and numerous other injuries requiring emergency treatment. On January 25, 2017, plaintiff was seen by Dr. Hopkins who renewed the Gabapentin in conjunction with Dilantin. (ECF No. 1 at 4.) Thereafter, plaintiff was moved to a different facility, and never received the Gabapentin ordered by Dr. Hopkins, causing plaintiff to suffer another seizure on January 31, 2017. On February 1, 2017, plaintiff was seen by Dr. Saltanian, who stated he doesn't like to give out Gabapentin and would stop Dr. Hopkins' order of Gabapentin, and would not provide plaintiff with Gabapentin, ignoring plaintiff's previous doctors' orders as well as plaintiff's medication history. Dr. Saltanian's alleged failure to renew the Gabapentin has caused plaintiff to have more frequent seizures as well as pain and nausea from the withdrawal. Since the Gabapentin was discontinued on January 20, 2017, plaintiff's seizures have increased significantly creating injuries and pain, yet Dr. Saltanian allegedly knows and disregards this excessive risk to plaintiff's health and safety. (ECF. No. 1 at 5.)[1]

Discussion

Plaintiff names D. Baughman, Warden, as a defendant, but plaintiff includes no charging allegations as to the warden. Rather, in the parties' section of his complaint, plaintiff states that Baughman is the "warden and responsible for medical staff employees." (ECF No. 1 at 3.) Such description suggests that plaintiff included Baughman as a defendant based on a theory of

---

[1] On February 22, 2017, the Prison Law Office ("PLO") wrote a memo to the CCHCS receiver's office flagging plaintiff's possible urgent medical concern/request for review. (ECF No. 1 at 53.) The PLO reviewed plaintiff's medical records and found the gabapentin prescription expired on 12/30/16 until the order was renewed on 1/5/17 for 14 days, then the renewal order lapsed and had not been renewed. The PLO stated: "It does not appear that Mr. Arteaga was seen before the medication was stopped and there is no documented reason as to why the medication was stopped until Mr. Arteaga began to raise questions as to why he was no longer receiving the medication. Per the medical records, Mr. Arteaga has reported seizures to medical staff since the gabapentin prescription was discontinued." (Id.) The PLO sought responses; it is unclear whether any have been forthcoming.

1 respondeat superior, which is not a cognizable federal civil rights claim.  Because no charging

2 allegations are included, defendant Baughman is dismissed without prejudice.  Plaintiff may

3 amend his complaint as of right if he can allege facts demonstrating that Baughman violated

4 plaintiff's constitutional rights.  Fed. R. Civ. P. 15.

5 　　　The complaint states a potentially cognizable Eighth Amendment claim for relief against

6 defendant Dr. Saltanian pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the

7 allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the

8 merits of this action.

9 <u>Request for Preliminary Injunctive Relief</u>

10 　　　Plaintiff seeks an order requiring defendant to renew plaintiff's prescription to

11 Gabapentin, 1200 mg three times a day, for plaintiff's seizure disorder.  Good cause appearing,

12 the Clerk of the Court is directed to serve a copy of plaintiff's motion on the Supervising Deputy

13 Attorney General, who is requested to respond to plaintiff's motion within fourteen days.

14 　　　In accordance with the above, IT IS HEREBY ORDERED that:

15 　　　1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16 　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

17 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19 Director of the California Department of Corrections and Rehabilitation filed concurrently

20 herewith.

21 　　　3.  Service is appropriate for the following defendant:  Dr. Saltanian.

22 　　　4.  The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an

23 instruction sheet and a copy of the motion/complaint filed March 13, 2017.

24 　　　5.  Within thirty days from the date of this order, plaintiff shall complete the attached

25 Notice of Submission of Documents and submit the following documents to the court:

26 　　　　　a.  The completed Notice of Submission of Documents;

27 　　　　　b.  One completed summons;

28 　　　　　c.  One completed USM-285 form for each defendant listed in number 3 above;

1  and

2          d.  One copy of the endorsed motion/complaint filed March 13, 2017.

3          6.  Plaintiff need not attempt service on defendants and need not request waiver of service.

4  Upon receipt of the above-described documents, the court will direct the United States Marshal to

5  serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment

6  of costs.

7          7.  The Clerk of the Court is directed to serve a copy of plaintiff's motion on the

8  Supervising Deputy Attorney General.

9          8  The Supervising Deputy Attorney General is requested to respond to plaintiff's motion

10  for preliminary injunctive relief within fourteen days.

11  Dated:  March 15, 2017

12

13  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

14

15  /arte0528.1

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE O. ARTEAGA,                          No.  2:17-cv-0528 KJN P

12              Plaintiff,

13        v.                                   NOTICE OF SUBMISSION

14   D. BAUGHAM, et al.,

15              Defendants.

16

17        Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19        ____      completed summons form

20        ____      completed USM-285 forms

21        ____      copies of the _____
22                                   Complaint

23   DATED:

24

25                                    _____
                                      Plaintiff

26

27

28

                                    1