UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA, | No. 2:17-cv-0528 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

On March 15, 2017, plaintiff's complaint was screened, plaintiff was directed to provide documents for service of process on Dr. Saltanian, and the Supervising Deputy Attorney General was directed to respond to plaintiff's motion for preliminary injunctive relief. On March 28, 2017, plaintiff filed an amended complaint. On April 3, 2017, the Supervising Deputy Attorney General filed a response. On April 28, 2017, plaintiff filed a motion for appointment of counsel. The court addresses each filing below.

////

////

1

I. <u>Plaintiff's Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint is not complete in itself. Rather, plaintiff refers the reader to plaintiff's "statement of facts in affidavit, declaration with preliminary injunction and T.R.O." (ECF No. 10 at 3.) The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

Cir. 1967).

Moreover, as discussed below, plaintiff's original complaint, as well as his amended complaint, make clear on the face of the pleadings that plaintiff did not exhaust his administrative remedies prior to filing the instant action. (ECF Nos. 1 at 5, 7; 10 at 3.)

A. Legal Standard re Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84. When the rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's

complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). This requirement is so because the primary purpose of a prison's administrative review system is to "notify the prison of a problem and to facilitate its resolution." Griffin, 557 F.3d at 1120.

Non-exhaustion under § 1997e(a) is an affirmative defense. Bock, 549 U.S. at 204, 216. However, where it is clear that a plaintiff has not first exhausted his administrative remedies, courts may dismiss such claims *sua sponte*. See id. at 199, 214-16 (exhaustion is an affirmative defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes the failure to exhaust); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006), cert. denied, 549 U.S. 835 (2006) (district court's *sua sponte* dismissal of state prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would now be untimely).

B. Discussion

The face of plaintiff's amended complaint makes clear that plaintiff is in the process of exhausting his administrative remedies as to his claims against Dr. Saltanian. In his amended complaint, plaintiff conceded that there are administrative remedies available at his institution, but in response to the question "Did you appeal your request for relief on Claim 1," plaintiff answered No. (ECF No. 10 at 3.) Plaintiff did not state he had filed a request for relief to the highest level, but responded to the statement, "If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not," plaintiff wrote: "I've filed (2) administrative grievances. Also see brief," apparently referring to his original pleading. (ECF No. 10 at 3.)

In his original complaint, signed March 9, 2017, plaintiff noted that Dr. Saltanian stopped plaintiff's prescription for Gabapentin on February 1, 2017, and plaintiff filed a grievance concerning the deprivation on February 1, 2017. (ECF No. 1 at 4-5.) Under the heading, "Exhaustion of Administrative Remedies," plaintiff wrote: "Plaintiff['s] claims [have] been

4

exhausted at the highest level? Yes or No" and plaintiff circled No. (ECF No. 1 at 5.) Plaintiff stated he "is making efforts to exhaust in good faith, " but because he faces serious injury, he requested injunctive relief "while the court waits for them to exhaust grievance procedures." (ECF No. 1 at 6.) In his declaration, plaintiff states he filed two different grievances, but faces a "lengthy waiting process" in the administrative appeal process. (ECF No. 1 at 7.)

Plaintiff's statements, taken together, make clear that plaintiff did not exhaust his administrative remedies prior to filing the instant action. An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Therefore, this action must be dismissed without prejudice based on plaintiff's failure to exhaust his administrative remedies before filing the instant action.[1]

II. Motion for Preliminary Injunctive Relief

Plaintiff seeks an order requiring Dr. Saltanian to renew plaintiff's prescription for Gabapentin, 1200 mg three times a day, for plaintiff's seizure disorder. Plaintiff avers he has been successfully prescribed Gabapentin for the seizure disorder for the last 13 years.

A. Legal Standards: Injunctive Relief

Preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 is appropriate when the movant demonstrates that "he is likely to succeed on the merits [of the underlying action], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). Injunctive relief "is an extraordinary remedy, never awarded as of right." Winter, 555 U.S. at 24. The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision on the merits of

---

[1] In the response by the Supervising Deputy Attorney General, Dr. Feinberg declared that plaintiff had filed at least three inmate appeals concerning the discontinuance of Gabapentin or plaintiff's treatment by Dr. Saltanian. (ECF No. 11-1 at 3.) Dr. Feinberg declared that although a second level response was issued on March 22, 2017, none of the three appeals had been exhausted through the third level of review. (Id.) Once plaintiff has exhausted his administrative appeal through the third level of review, he may file his complaint in federal court.

the case, see 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010), that is, to preserve the status quo pending a determination on the merits, Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009). The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998). An injunction against individuals not parties to the action is strongly disfavored. Zenith Radio, 395 U.S. at 112.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

B. Legal Standards: Inadequate Medical Care Claim

The government has an "obligation to provide medical care to those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). Deliberate indifference to serious medical needs constitutes unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment. Estelle, 429 U.S. at 104. To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle, 429 U.S. at 106. A serious medical need exists if the failure to treat the condition could result in further significant injury or the

6

unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§ ]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

C. Dr. Feinberg's Declaration

In response to the court's order, the Supervising Deputy Attorney General provided the

declaration of Dr. B. Feinberg, a physician and surgeon employed as Chief Medical Consultant by the California Correctional Health Care Services ("CCHCS"). (ECF No. 11-1.) Dr. Feinberg declares that plaintiff has been and is currently prescribed Dilantin (Phenytoin), a common medication used to treat generalized seizure disorders, and that his dose of Dilantin was recently increased. (ECF No. 11-1 at 2.) Dr. Feinberg declares that Gabapentin is not appropriate for plaintiff, and that Dilantin is appropriately prescribed. Dr. Feinberg explains that Gabapentin is FDA approved for the treatment of partial seizures and postherpetic neuralgia, and that there is insufficient evidence to support its use for generalized tonic clonic seizures, the diagnosis plaintiff has received. (ECF No. 11-1 at 2.) Moreover, Dr. Feinberg declares that "there has been a growing body of evidence that gabapentinoids carry an increasingly recognized risk of dependence, abuse and misuse. (Id.)

In addition, Dr. Feinberg declares that plaintiff is regularly seen by his doctor and is actively monitored by the medical team, including on January 31, 2017, February 1, 2017, February 2, 2017, and February 6, 2017. (ECF No. 11-1 at 3.) Doctor's notes reflect plaintiff's "observable signs and symptoms were not consistent with seizures, and alternative diagnoses are being considered." (Id.) In addition, he declares that "the CCHCS is planning to have Mr. Arteaga assessed by a Neurologist for any further diagnostic or treatment recommendation." (Id.)[2] Dr. Feinberg opined that there "is no indication in the medical record that the doctors or medical team have been indifferent to Mr. Arteaga's health or medical care." (Id.)

D. Discussion

Here, in light of Dr. Feinberg's declaration, plaintiff fails to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief. Indeed, plaintiff's prescription for Dilantin has been increased, alternative diagnoses are being considered, and an assessment by a neurologist has been ordered (ECF No. 12 at 2).

Moreover, plaintiff has not demonstrated a likelihood of success on the merits of his claim. Plaintiff must show that the challenged course of treatment was medically unacceptable

---

[2] In plaintiff's motion for appointment of counsel, he confirms an appointment with a seizure disorder expert, a neurologist, has been ordered. (ECF No. 12 at 2.)

8

under the circumstances and chosen in conscious disregard of an excessive risk to plaintiff's health. Jackson, 90 F.3d at 332. The difference of opinion between medical professionals or a prisoner and physician regarding treatment does not establish deliberate indifference. Here, Dr. Feinberg provides legitimate reasons for discontinuing the prescription to Gabapentin based on plaintiff's diagnosis and medical evidence concerning gabapentinoids. Plaintiff has not rebutted this expert evidence that plaintiff is receiving adequate medical care.

Finally, because this action must be dismissed based on plaintiff's failure to first exhaust his administrative remedies, plaintiff cannot succeed on the merits of his claims in this action.

For all of these reasons, plaintiff's motion for injunctive relief is denied.

III. Request for Appointment of Counsel

In light of the dismissal of this action, appointment of counsel at this juncture is not appropriate.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief (ECF No. 1) is denied;

2. Plaintiff's motion for appointment of counsel (ECF No. 12) is denied; and

3. This action is dismissed without prejudice.

Dated: June 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arte0528.dsm.pi